**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| RUBEN GONZALES ARECHAVELETA, § | |
| Defendant-Petitioner, § | |
| § | NO. 3:07-CV-326-N (BF) |
| v. § | (3:05-CR-018-N) (BF) |
| § | ECF |
| UNITED STATES OF AMERICA, § | |
| Plaintiff-Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Ruben Gonzales Arechaveleta ("Petitioner") filed a motion to vacate, set aside, and correct his sentence under 28 U.S.C. § 2255. The United States of America ("Respondent") filed a response. Petitioner did not file a reply. The case is now ripe for consideration.

**I.    Background**

On February 15, 2005, Petitioner was charged in two counts of a five count indictment. On May 5, 2005, Petitioner pled guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21. U.S.C. § 846 (21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii)(II)) and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On October 17, 2005, the District Court sentenced Petitioner to 106 months' imprisonment and five years of supervised release. On October 24, 2005, Petitioner filed a notice of appeal and motion for appointment of counsel. Upon Petitioner's request, the Fifth Circuit Court of Appeals allowed Petitioner to withdrew his appeal on March 24, 2006. On February 21, 2007, Petitioner timely filed his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**II.     Issues**

Petitioner claims that:

(1)  The District Court failed to make a finding that it had jurisdiction over the location of the crime;

(2)  The indictment was defective because it failed to allege a violation affecting interstate commerce;

(3)  The conviction cannot stand because there must be a connection to interstate commerce; and

(4)  Counsel provided constitutionally ineffective assistance because he failed to establish that the Court lacked territorial jurisdiction.

(§ 2255 Mot. at 5-6.) Respondent contends that each of the claims is without merit and that the first three claims are procedurally barred.

**III.    Standard of Review**

The scope of post-conviction relief pursuant to 28 U.S.C. § 2255 is limited. Issues raised and decided on appeal from a judgment of conviction are not considered in § 2255 motions. *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985). The statute affords judicial review only for constitutional errors and other issues that (1) could not have been raised on direct appeal and (2) will result in a miscarriage of justice if left unaddressed. *See United States v. Faubion,* 19 F.3d 226, 233 (5th Cir. 1994). Before a petitioner may raise an issue for the first time in a § 2255 proceeding, he must show "cause" for his procedural default in failing to raise the issue on appeal and "actual prejudice" resulting from the error. *United States v. Frady*, 456 U.S. 152, 168 (1982); *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). This high hurdle ensures that final judgments command respect and that their binding effect is not disturbed by an endless series of post-conviction collateral attacks. *Frady*, 456 U.S. at 168.

The Sixth Amendment of the United States Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. U.S. CONST. art. VI. To merit relief pursuant to § 2255 on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 691 (1984). In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. *Id.* at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

The prejudice prong of the *Strickland* test requires the petitioner to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* A petitioner claiming ineffective assistance must prove that the challenged conduct of his counsel rendered the proceeding fundamentally unfair or unreliable. *Lockhart v. Fretwell,* 506 U.S. 364, 372 (1993) (citing *Strickland,* 466 U.S. at 687). Courts are required to consider the totality of the evidence in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695.

A petitioner's failure to establish either prong of the *Strickland* test requires the court to find that counsel's performance was not constitutionally ineffective; hence courts are free to review ineffective assistance of counsel claims in any order and need not address both the "deficient" and

3

"prejudice" prongs of *Strickland* if the court finds that one component is lacking. *Id.* at 697.

**IV.     Analysis**

    **A.     Venue and Jurisdiction**

Petitioner claims that the District Court should have made an affirmative finding of proper venue and territorial jurisdiction before it exercised authority over the case. This claim is without merit. The terms of 18 U.S.C. § 3231 grant district courts original jurisdiction over federal offenses. Moreover, the terms of 18 U.S.C. § 3232 provide that the case is to be tried in the courts of the district where the offense was committed. In the Amended Factual Resume ("Resume"), Petitioner stipulated that he and others met with the government's confidential informant and negotiated a sale of cocaine in Dallas, Texas, which is in the Northern District of Texas. After he was detained, a 9 mm semi-automatic pistol was found in his possession. (Resume at 2-3). Petitioner's admissions in both the original and amended factual resumes demonstrate proper venue and jurisdiction, as did the face of the indictment. 18 U.S.C. §§ 3231, 3232; FED. R. CRIM. P. 18. (Dkt ## 1, 33, 55.) This claim is without merit.

    **B.     The Interstate Commerce Claims**

Petitioner contends that the indictment was defective because it failed to show an interstate commerce connection on its face; and his convictions cannot stand because the crimes with which he was charged must be connected to a violation of an interstate commerce statute. Congress' findings regarding controlled substances are codified in 21 U.S.C. § 801. Congress found that intrastate distribution and manufacture of controlled substances contribute to the swelling of the interstate trade, and that "it is not feasible to distinguish, in terms of controls, between controlled substances manufactured and distributed interstate and controlled substances manufactured and

distributed intrastate." 21 U.S.C. § 801 (4) & (5). Because of these express congressional findings, the government is not required to prove the effect on interstate commerce, and it need not be alleged in the indictment. *United States v. Kallestad*, 236 F.3d 225, 230 (5th Cir. 2000); *United States v. Lopez*, 459 F.2d 949, 952-53 (5th Cir. 1972). Petitioner's first three claims are without merit.[1]

### C. Ineffective Assistance of Counsel

Petitioner claims he received ineffective assistance when his counsel "failed to establish the government's lack of jurisdiction over the locus quo." To prove a claim of ineffectiveness, a petitioner must show that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies even when the petitioner pled guilty. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To prevail on the deficiency component of this test, a petitioner must identify the acts or omissions that were not the result of reasonable professional judgment. *Strickland*, 466 U.S. at 690. In the context of a guilty plea, to prove the "prejudice" portion of the test, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

In this case, Counsel's failure to object cannot have been deficient performance because the Court's territorial jurisdiction was established on the face of the indictment and by Petitioner's admissions that his crimes occurred in Dallas, Texas, in the original and amended factual resumes. 18 U.S.C. §§ 3231, 3232; FED. R. CRIM. P. 18. (Dkt ## 1, 33, 55.) Failure to raise frivolous legal issues is not deficient performance. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990); *Sones v.*

---

[1] Respondent addresses Petitioner's first three claims on the merits and then claims that Plaintiff procedurally defaulted them. The Court finds that because the claims are without merit, the Court need not address Respondent's claim of procedural default.

5

*Hargett*, 61 F.3d 410, 415 (5th Cir. 1995).  Petitioner's claim of ineffective assistance of counsel fails both prongs of the *Strickland* test and should be denied.

**V.**     **Recommendation**

The record conclusively shows that Petitioner is not entitled to relief.  The Court respectfully recommends that Petitioner's § 2255 motion be DENIED.

SO RECOMMENDED, July 5, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).